IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06cv732-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On September 26, 2007, Plaintiff, Ruby L. Hughes, filed a motion (Doc. #21) for an award of attorney fees in the amount of $4,773.63 pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412 (2000). Hughes also seeks 30-days from the date of service of notice of the past due benefits in which to file a petition for attorney's fees under 42 U.S.C. § 406(b). The Court will discuss each component of the motion in turn.

As the Commissioner does not oppose the computation or amount of fees charged pursuant to the EAJA, but rather, contests the request that the fees be paid directly to counsel for Hughes, it is

ORDERED that Hughes's motion is GRANTED IN PART AND DENIED IN PART. The Court awards Hughes attorney's fees in the amount of $4,773.63. The Court awards the fees directly to Hughes, not her counsel.

The EAJA, 28 U.S.C. § 2412, provides a mandatory attorney's fees award to a

prevailing party that meets certain statutory conditions.  28 U.S.C. § 2412.  Once a plaintiff demonstrates eligibility under the EAJA, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust.  Specifically, the EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, the Court concluded that the Commissioner's final determination should be remanded for further proceedings in accordance with the Court's opinion.  Memorandum Opinion (Doc. #19) at 13-14.  Correspondingly, the Court entered judgment in favor of Hughes, the prevailing party in this suit, not her counsel.  Judgment (Doc. #20); see Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship and Immigration Servs., 452 F.3d 1254, 1257-58 (11th Cir. 2006).  The EAJA therefore requires the Court to award fees to Hughes.

As mentioned above, Hughes's motion also requests an additional 30-days after service of the notice of past due benefits to file a petition for fees under 42 U.S.C. § 406(b).  Hughes's motion, however, is premature.  While Hughes properly states that this Court recently remanded her case back to the Social Security Administration for further proceedings, the Court did *not* order Defendant to award social security benefits to

Hughes, nor did it find Hughes disabled, as the motion presumes.  Rather, the decision remanded the case back to Defendant for further proceedings consistent with the Court's opinion.  Memorandum Opinion (Doc. #19) at 13-14.  Accordingly, it is

ORDERED that Hughes's motion for an additional 30-days after service of the notice of past due benefits to file a petition for fees under 42 U.S.C. § 406(b) is DENIED.  Counsel can renew his motion, if necessary, following Defendant's remand determination.

Done this 10th day of October, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE